UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN R. PORTER,

        Petitioner,

v.                                      Case No. 17-13008
                                        Honorable Denise Page Hood

ANTHONY STEWART,

        Respondent.
_____/

**<u>OPINION AND ORDER
(1) DENYING AS MOOT PETITIONER'S MOTION
TO PROCEED IN FORMA PAUPERIS (ECF NO. 3),
(2) GRANTING PETITIONER'S MOTION FOR LEAVE
TO AMEND HIS PETITION (ECF NO. 8), AND
(3) DISMISSING THE HABEAS PETITION (ECF NO. 1)</u>**

This matter has come before the Court on petitioner John R. Porter's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. *See* ECF No. 1. The petition challenges Petitioner's state convictions and the Michigan Parole Board's decision denying Petitioner release on parole. Petitioner filed his petition on September 6, 2017, along with an application to proceed without prepayment of the fees and costs for this action, ECF No. 2, and a motion to proceed *in forma pauperis*, ECF No. 3. On September 18, 2017, the Magistrate Judge granted Petitioner's application to proceed without prepayment of the fees and costs for this action, *see* ECF No. 5, and on November 7, 2017, Petitioner moved for leave to amend his petition to include a reference to the stipulated remedial order in

*Sweezer v. Heyns*, No. 13-14382 (E.D. Mich. Aug. 25, 2016). *See* ECF No. 8. For the reasons given below, the motion for leave to amend the habeas petition is granted, the motion to proceed *in forma pauperis* is denied as moot, and the habeas petition is summarily dismissed.

## I. Background

Following a bench trial in 1978, a judge in the former Detroit Recorder's Court found Petitioner guilty of second degree murder, Mich. Comp. Laws § 750.317, assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and felony firearm, Mich. Comp. Laws § 750.227b. The trial judge sentenced Petitioner to life imprisonment with the possibility of parole for the murder conviction, six to ten years in prison for the assault conviction, and two years in prison for the felony-firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions, and the Michigan Supreme Court denied leave to appeal in 1982.

In subsequent years Petitioner filed several post-conviction motions without success, and the Michigan Parole Board interviewed him several times, but declined to release him on parole. Petitioner then filed a delayed motion for new trial based on *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), and an application for leave to appeal the Michigan Parole Board's most recent decision denying him release on parole.

The state trial court denied Petitioner's application for leave to appeal the Parole Board's decision because the application was untimely and lacked merit. *See People v. Porter*, No. 77-006407 (Wayne Cty. Cir. Ct. Apr. 18, 2016). The trial court denied Petitioner's motion for new trial on grounds that it was precluded from reviewing the *Lafler/Frye* issue. The Court noted that Petitioner had unsuccessfully raised the same issue in previous motions and that he was not entitled to retroactive application of *Lafler* and *Frye*. *Id*. The Michigan Court of Appeals denied leave to appeal the trial court's decision "for lack of merit in the grounds presented," *People v. Porter*, No. 333163 (Mich. Ct. App. Oct. 19, 2016), and on June 7, 2017, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Porter*, 500 Mich. 1009; 896 N.W.2d 7 (2017).

Petitioner also sought habeas corpus relief without success. His first petition was denied on the merits, *see Porter v. Foltz*, No. 85-60510 (E.D. Mich. Oct. 8, 1986), and his second petition was dismissed as an abuse of the writ. *See Porter v. Grayson*, No. 91-75759 (E.D. Mich. Sept. 15, 1993).[1] Petitioner subsequently sought permission to file a second or successive petition, but the United States Court of Appeals for the Sixth Circuit denied his requests. *See In re John Porter*,

---

[1] Although the Court no longer has a copy of the dispositive opinions in the 1985 and 1991 cases, the Court has acquired information about those cases from the order of transfer in *Porter v. Jackson*, No. 04-71211 (E.D. Mich. Oct. 28, 2004).

No. 15-1960 (6th Cir. Feb. 5, 2016) (ECF No. 42 in District Court case number 91-75759); *In re John Porter*, No. 14-2451 (6th Cir. Apr. 20, 2015) (ECF No. 41 in District Court case number 91-75759).

Petitioner's third habeas petition was transferred to the Sixth Circuit Court of Appeals as a second or successive petition under 28 U.S.C. § 2244(b)(3)(A). *See Porter v. Jackson*, No. 04-71211 (E.D. Mich. Oct. 28, 2004). The Sixth Circuit denied leave to file a second or successive petition. *See In re John Porter*, No. 04-2351 (6th Cir. Mar. 22, 2005) (ECF No. 15 in District Court case number 04-71211). Petitioner's fourth habeas petition also was transferred to the Sixth Circuit as a second or successive petition, *see Porter v. Brewer*, No. 15-11076 (E.D. Mich. Apr. 22, 2015), but the Sixth Circuit dismissed that application for want of prosecution. *See In re John Porter*, No. 15-1471 (6th Cir. June 10, 2015) (ECF No. 8 in District Court case number 15-11076).

Finally, on September 6, 2017, Petitioner filed his fifth habeas corpus petition. He alleges as grounds for relief that (1) trial counsel rendered incompetent advice during the plea bargaining process, and (2) the Parole Board abused its discretion, violated state law, and deprived him of due process when it failed to provide adequate reasons for denying him release on parole.

## II. Analysis

**A. Petitioner's Challenge to his Convictions**

4

1. **Legal Framework**

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), limits the authority of federal courts to grant relief to individuals who previously filed a habeas petition . . . ." *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) (citing 28 U.S.C. § 2244(b)), *pet. for certiorari filed*, No. 17-6449 (U.S. Oct. 20, 2017). AEDPA "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." *Id.* But because Petitioner's first habeas petition was filed pre-AEDPA, the Court must analyze whether his current petition

> would have survived under the pre-AEDPA "abuse of the writ" standard as set out in *McCleskey v. Zant*, 499 U.S. 467, 493-95, 111 S. Ct. 1454, 113 L.Ed.2d 517 (1991). That standard did not require prior authorization from the court of appeals and "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.' " *In re Hanserd,* 123 F.3d 922, 929 (6th Cir.1997) (quoting *McCleskey,* 499 U.S. at 494, 111 S.Ct. 1454) (alteration in *Hanserd* ); *see also McCleskey,* 499 U.S. at 494, 111 S.Ct. 1454 ("To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural default decisions.").

*Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

> "[C]ause . . . requires a showing of some external impediment *preventing* counsel from constructing or raising the claim." *Murray v. Carrier*, [477 U.S. 478, 492, 106 S. Ct. 2639, 2648, 91 L. Ed. 2d 397 (1986)] (emphasis added). For cause to exist, the external impediment, whether it be government interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim. *See id*. 477 U.S. at 488, 106 S. Ct.,

5

at 2645 (cause if "interference by officials . . . made compliance impracticable"); *Amadeo v. Zant*, 486 U.S. 214, 222, 108 S. Ct. 1771, 1776, 100 L. Ed. 2d 249 (1988) (cause if unavailable evidence "was the reason" for default).

*McCleskey*, 499 U.S. at 497. In order to show prejudice, "a petitioner must establish a constitutional error . . . [that] had a 'substantial and injurious effect or influence in determining the [factfinder's] verdict.' " *Cress*, 484 F.3d at 852 (quoting *Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir. 1994) (quoting *Brecht v. Abrahamson,* 507 U.S. 619, 623 (1993)).

### 2. Application

Petitioner admits that there has been no prior ruling on his claim about trial counsel. *See* Pet., ECF No. 1, Pg ID 7. But he could have challenged his attorney's advice regarding the prosecution's plea offer in his first habeas petition. Although Petitioner relies on *Lafler* and *Frye*, which were not decided until 2012, the factual basis for Petitioner's claim was available when he filed his first petition. The Court, therefore, concludes that Petitioner has not shown "cause" for his failure to raise his claim in his first petition.

Petitioner also has not shown that he was prejudiced by his attorney's alleged ineffectiveness. He admits that he rejected the prosecution's plea offer because his attorney assured him that he could win the case. *See* Pet., ECF No. 1, Pg ID 4. And the Sixth Circuit determined in one of Petitioner's prior cases that "[c]ounsel's confidence does not constitute the type of attorney error contemplated

6

by the Supreme Court in *Lafler* or *Frye*." *In re John Porter*, No. 14-2451, at 2 (6th Cir. Apr. 20, 2015).

When, as here, a petitioner cannot satisfy the "cause and prejudice" standard, "the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *McCleskey*, 499 U.S. at 494-95. "A fundamental miscarriage of justice results from the conviction of one who is 'actually innocent.'" *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2006).

Petitioner does not claim to be innocent, and he alleges that he wanted to plead guilty, and would have accepted the prosecution's offer to plead guilty, were it not for his attorney's advice to proceed to trial. In the absence of a credible claim of actual innocence, the Court concludes that a fundamental miscarriage of justice will not occur if the Court fails to entertain Petitioner's challenge to his convictions. And because Petitioner also has not shown "cause" for his failure to raise his first claim in his first habeas petition and prejudice from the alleged constitutional error, his first claim is dismissed as an abuse of the writ.

**B. Petitioner's Challenge to the Michigan Parole Board's Decision**

In his second and final claim, Petitioner challenges the Michigan Parole Board's most recent decision not to release him on parole. Petitioner asserts that the Parole Board violated his right to due process and failed to comply with

Michigan statutes that require the Parole Board to provide reasons for its decisions denying parole.

The Parole Board's alleged failure to comply with state law is not a basis for habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991)("[S]tate-law violations provide no basis for federal habeas relief."). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68.

To prevail on his due process claim, Petitioner "must allege that a protected property or liberty interest was violated." *Wershe v. Combs*, 763 F.3d 500, 506 (6th Cir. 2014). The interest implicated here is a liberty interest, but the Supreme Court has stated that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). "[A] mere unilateral hope or expectation of release on parole is not enough to constitute a protected liberty interest; the prisoner 'must, instead, have a legitimate claim of entitlement to it.' " *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991) (quoting *Greenholtz*, 442 U.S. at 7) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)) (emphasis omitted).

A claim of entitlement to parole "can be created only by the operation of state law." *Crump v. Lafler*, 657 F.3d 393, 397 (6th Cir. 2011) (citing *Inmates of Orient Inst.*, 929 F.2d at 235). But "procedural statutes and regulations governing parole do not create federal procedural due process rights," *Sweeton v. Brown,* 27 F.3d 1162, 1164 (6th Cir. 1994), and in Michigan "a prisoner's release on parole is discretionary with the parole board." Mich. Comp. Laws § 791.234(11). "Michigan's parole system creates 'no "legitimate claim of entitlement to parole," and thus no liberty interest in parole.' " *Wershe*, 763 F.3d at 506 (quoting *Crump*, 657 F.3d at 404). "[W]here there is no life, liberty, or property interest, there is no due process protection." *Sova v. Holder*, 451 F. App'x 543, 547 (6th Cir. 2011). For these reasons, Petitioner's due process claim lacks merit.

### III. Conclusion and Order

Petitioner's first claim is dismissed as an abuse of the writ, and his second claim lacks merit. The Court, therefore, summarily dismisses the petition for writ of habeas corpus (ECF No. 1). This dismissal is pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which authorizes district courts to dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Court declines to issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), and because reasonable jurists would not debate whether the issues could have been resolved differently or whether the claims deserve further review. *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003).

The Court denies leave to proceed *in forma pauperis* on appeal from this decision because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3)(A).

The Court denies Petitioner's motion to proceed *in forma pauperis* in this Court (ECF No. 3) because the Magistrate Judge previously granted Petitioner's application for leave to proceed without prepayment of the filing fee. (ECF No. 2). The motion was unnecessary and is moot.

The Court grants Petitioner's motion to amend his petition (ECF No. 8) to include a reference to the stipulated remedial order in *Sweezer.* The stipulated order states, among other things, that "when a prisoner is sentenced to a parolable life sentence and a concurrent term-of-years, the prisoner is eligible for parole after reaching the parole eligibility date on the life sentence, or after serving the minimum less any applicable credits on the term-of-years sentence, whichever is greater." In Petitioner's case, however, the Michigan Parole Board appears to acknowledge that Petitioner is eligible for parole. The problem for Petitioner is that the Parole Board has no interest in releasing him from prison at this time, and,

10

as pointed out above, Petitioner has no constitutional right to release on parole.

The *Sweezer* order, therefore, does not alter the Court's conclusion in this case.

    IT IS SO ORDERED.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2018, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager